IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER BRANCH, <br> No. R33892, <br><br> Plaintiff, <br><br> vs. <br><br> ILLINOIS DEPT. OF CORRECTIONS, <br> PAT QUINN, <br> S.A. GODINEZ, and <br> LaRUE LOVE, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 14-cv-01240-JPG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Christopher Branch, an inmate at Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the conditions of confinement in Building 19 at Vienna. The complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

By separate order (Doc. 6), the Court already denied Plaintiff's motion for a temporary restraining order (Doc. 2). Plaintiff has filed a motion for reconsideration (Doc. 8), which will also be considered.

## The Complaint

The complaint takes issue with the conditions of Plaintiff Branch's confinement at Vienna, where he has been housed off and on since July 2011. At different times, Branch has been celled on the second and third floors of Building 19; at present, he is living on the third floor (Doc. 1, p. 3). According to the complaint: Building 19 is extremely overcrowded; there are too few toilets and showers; the plumbing leaks excessively; he is being exposed to asbestos-covered pipes and mold; there is poor ventilation so the area smells; there are roaches, mice and bugs, which pose a health danger and have caused property damage; windows are broken; the water fountain is old and broken, in that it does not provide cold water; and Plaintiff's present mattress is "tattered and nasty."

The complaint is particularly focused on a time in October 2013 when Plaintiff was housed in segregation. Roaches and mice got into Plaintiff's property box, eating $25 worth of food and leaving droppings. According to the complaint, Defendant Assistant Warden LaRue Love was aware of the problem but did nothing about the mouse infestation (or, presumably the roaches).

Assistant Warden Love, along with Illinois Department of Corrections ("IDOC"), Governor Pat Quinn and IDOC Director S.A. Godinez are named as defendants. Plaintiff seeks injunctive relief and $15,000 in compensatory damages.

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia,* 428 U.S. 153, 173 (1976)). Prison conditions that deprive inmates of basic human needs—food,

medical care, sanitation, or physical safety—may violate the Eighth Amendment. *Rhodes,* 452 U.S. at 346; *see also James v. Milwaukee Cnty.,* 956 F.2d 696, 699 (7th Cir.1992).

The allegations in the complaint generally state a colorable Eighth Amendment claim, but that does not end the analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a defendant, a plaintiff must describe what each named defendant did (or failed to do) that violated the plaintiff's constitutional rights. However, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Therefore, the IDOC will be dismissed with prejudice.

There are no allegations in the narrative of the complaint regarding Governor Pat Quinn or IDOC Director S.A. Godinez. Furthermore, in the listing of defendants, they are described as being responsible for all activities within the IDOC—the very definition of supervisor liability. Consequently, Quinn and Godinez will be dismissed with prejudice.

The complaint does allege that Assistant Warden Love had personal knowledge of the roach and rodent problem and did nothing, which could lead to liability. *See generally Farmer,* 511 U.S. at 842. Therefore, the Eighth Amendment "conditions of confinement" claim against Assistant Warden Love shall proceed.

Insofar as Plaintiff seeks injunctive relief, the warden of the institution is the proper defendant, in his or her official capacity, for ensuring that any injunctive relief is carried out. *See generally Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir.2011); *Pepper,* 430 F.3d at 810. Therefore, the Court will *sua sponte* add Warden Robert Hilliard as a defendant in his official capacity, for purposes of injunctive relief.

### **Motion for Injunctive Relief**

Plaintiff's motion for a temporary restraining order ("TRO") (Doc. 2) was denied without prejudice (Doc. 6). According to his motion, Plaintiff lives on the third floor. He complained about the conditions on the second floor, and how inmates on the third floor tended to use the shower on the third floor. The Court concluded that the sort of immediate, irreparable injury necessary to warrant a TRO was not present.

Plaintiff now explains that, although he lives on the third floor, he is an inmate janitor. If he is working on the second floor he might have to use the second floor restroom. He could also, theoretically, be moved to live on the second floor as punishment. Furthermore, relative to his cell on the third floor, he emphasizes that the rain and cold are entering through his window, causing property damage and the growth of mold.

Plaintiff does not cite to any error in the Court's original analysis of his motion. Rather, he offers new grounds for injunctive relief. Therefore, there is no basis for altering the ruling on the original motion for a TRO (Doc. 2). Insofar as Plaintiff complains about the drafty, leaking window in his cell, again no immediate, irreparable harm (or such imminent harm) is apparent. Plaintiff is free to file a motion for preliminary injunction, now that the complaint is proceeding.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration of the Court's denial of his motion for temporary restraining order (Doc. 6) is **DENIED** in all respects, without prejudice to Plaintiff filing a motion for preliminary injunction.

**IT IS FURTHER ORDERED** that, for the reasons stated, Defendants **PAT QUINN, S.A. GODINEZ, and the ILLINOIS DEPARTMENT OF CORRECTIONS** are all **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment "conditions of confinement" claim against **LARUE LOVE** shall **PROCEED**.

**IT IS FURTHER ORDERED** that Vienna Warden **ROBERT HILLIARD** is hereby **ADDED AS A DEFENDANT** in his official capacity, for purposes of injunctive relief only.

The Clerk of Court shall prepare for Defendants **LARUE LOVE and ROBERT HILLIARD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 24, 2014**

s/J. Phil Gilbert<br>**United States District Judge**